IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,      )
                                )
            Plaintiff,          )
                                )
      v.                        )        No. 1:07-cv-000589 (ESH)
                                )
UNITED STATES,                  )
                                )
            Defendant.          )

UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. In the alternative, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to meet his burden in proving exhaustion of administrative remedies as required by 26 U.S.C. § 7433(d)(1). In the alternative, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

/

/

/

/

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 25, 2007                              Respectfully submitted,

                                                  /s/ Anne E. Blaess
                                                 ANNE E. BLAESS
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 Post Office Box 227
                                                 Ben Franklin Station
                                                 Washington, D.C. 20044
                                                 Telephone: (202) 616-9806
                                                 Facsimile: (202) 514-6966
                                                 Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,  )
                                 )
            Plaintiff,      )
                                 )
      v.                  )      No. 1:07-cv-000589 (ESH)
                                 )
UNITED STATES,                )
                               )
            Defendant.    )

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service ("Service") disclosing confidential return information. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiff's unauthorized disclosure claim relates to collection actions, specifically, the filing of notices of federal tax liens by the Service. Can Plaintiff recover under 26 U.S.C. § 7431 when his claim is based on collection actions?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet his burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes.  26 U.S.C. § 6103(d) and (k)(6).  Did the Service violate section 6103 by filing notices of federal tax liens?

STATEMENT OF FACTS

1.  <u>Introduction</u>

On March 26, 2007, Plaintiff, acting *pro se*, filed his complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2.  <u>The present action under section 7431</u>

Plaintiff argues that Service agents caused notices of federal tax liens to be recorded with the County Clerk, Effingham County, Illinois.  (<u>Id.</u> at ¶¶ 5, 6.)  Plaintiff alleges that each notice of federal tax lien wrongfully discloses tax return information, and that the disclosures have caused him mental and emotional distress and subjected him to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 7, 8, 9.)

- 4 -

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information.  (Id. at ¶ 1.)

Attached to Plaintiff's complaint are thirty-eight notices of federal tax liens.  (Id. at ¶¶ 5, 6, Attachments.)  The notices of federal tax liens indicate that Plaintiff has at least $482,249 in unpaid income tax liabilities for the years 1991-1997.  (Id.) Additionally, the notices of federal tax liens indicate that Plaintiff, d/b/a Wesselman Roofing, has at least $464,098 in unpaid employment and unemployment tax liabilities for the years 1991-1993.  (Id.)  The notices of federal tax liens identify Plaintiff by name, address, and identifying number.  (Id.)

ARGUMENT

### I.  Standard of Review

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at

*2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621,

625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts.  See

Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not accept

as true legal conclusions couched as a factual allegations, inferences, or conclusory

allegations that are unsupported by facts set forth in the complaint.  See Trudeau v. Fed.

Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).    **II.  Section 7433 Is Plaintiff's Exclusive**

**Remedy**

Plaintiff's section 7431 complaint must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any
officer or employee of the Internal Revenue Service recklessly or intentionally, or
by reason of negligence, disregards any provision of this title, or any regulation

promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  <u>Id.</u>  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  <u>See</u> <u>Glass v. United States</u>, 480 F. Supp. 2d 162, 164-65 (D.D.C.  2007); <u>Evans v. United States</u>, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); <u>Koerner v. United States</u>, 471 F. Supp. 2d 125, 227 (D.D.C.  2007).  The legislative history provides that "an action

brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in <u>Shwarz</u> and the exclusivity of section 7433.  <u>Glass v. United States</u>, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); <u>Powell v. United States</u>, 478 F. Supp. 2d 66, 67 (D.D.C. 2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was encated) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the court of collection activity."); <u>Evans v. United States</u>, 478 F. Supp. 2d 68, 72  (D.D.C. 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); <u>Koerner, et al. v. United States</u>, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); <u>Ross, et al. v. United States</u>, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens filed with the County Clerk, Effingham County, Illinois.  (Compl. ¶¶ 5, 6, Attachments.) Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6323 contained therein provides for the filing of notices of federal tax liens. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection

activities.  See Glass, 480 F. Supp. 2d at 165; Powell, 478 F. Supp. 2d at 67; Koerner, 471

F. Supp. 2d at 127; Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098

(D.D.C. Aug. 16, 2001) (noting that filing notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction, and Plaintiff's complaint should

be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer,

whose return information was disclosed as part of collection activity, to recover

damages under both sections 7431 and 7433, or to elect the more favorable scheme of

relief, depending on the alleged violation.  Congress' intent was not to allow a taxpayer

to receive double recovery for the same conduct or to shop for the more favorable

remedial scheme.

### III.   Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to

section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the

requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign

immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman

v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976);

United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395

U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for

damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions

concerning his pursuit of administrative remedies.  As a result, Plaintiff has not

adequately met his burden in alleging that the United States has unequivocally waived

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss Plaintiff's complaint.[1]

---

[1]  There is conflicting case law in this district concerning whether the failure to
exhaust administrative remedies under section 7433 should be analyzed as a
jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).
Compare Lindsey v. United States, 448 F. Supp. 2d 37, 52-54 (D.D.C. 2006) and Turner v.
United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Davenport v. United States,
450 F. Supp. 2d 96, 97n.1 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp. 2d 92, 95 (D.D.C.
2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).  It is the position of
the United States that as a term of consent to the waiver of sovereign immunity, the
requirement of administrative exhaustion under section 7433 is by definition a part of
the court's jurisdiction to entertain the suit.  See United States v. Sherwood, 312 U.S. 584,
586 (1941)("The United States, as sovereign, is immune from suit save as it consents to
be sued, *** and the terms of its consent to be sued in any court define that court's
jurisdiction to entertain the suit.")(emphasis added); accord, United States v. Dalm, 494
U.S. 598, 608 (1990).  But in any event, the question is somewhat academic in this case,
since the complaint should be dismissed for failure to state a claim even if the Court
concludes that is has subject matter jurisdiction.  Moreover, should the Court conclude
it has subject matter jurisdiction under section 7433, but cannot award damages on
account of Plaintiff's failure to exhaust administrative remedies, the Court lacks subject
matter jurisdiction to award any other form of relief, such as to declare Plaintiff's rights
or to award injunctive relief.  See Lindsey v. United States, 448 F. Supp. 2d. at 57-60
(court lacks subject matter jurisdiction over plaintiff's request for declaration of rights

### IV.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner v. United States, 471 F. Supp. 2d at 128 ("[N]ot all disclosures of tax return information violate § 6103.").  The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

---

and for injunction under section 7433).  In other words, under section 7433, this Court can award only one type of relief - money damages - but it cannot do so unless the Plaintiff has exhausted his administrative remedies.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

Regulation 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed...or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens ....

26 C.F.R. § 301.6103(k)(6)-1(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174,

- 14 -

1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return

information in the issuance of liens."); <u>Mann v. United States</u>, 204 F.3d 1012, 1018 (10th

Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return

information when made in notices of lien."); <u>William E. Schrambling Accountancy Corp.</u>

<u>v. United States</u>, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien

in the County Recorder's Office *** places information in the liens *** in the public

domain.  Because information in the public domain is no longer confidential there can

be no violation of Section 6103 and, consequently, no liability for disclosure of such

information under Section 7431.")

        In the instant case, it cannot be disputed that the notices of federal tax liens were

filed in connection with the official duties of the Service in attempting to collect

Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the

Plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose

of recording the lien...is to place the public on notice of the lien."  <u>William E.</u>

<u>Schrambling Accountancy Corp. v. United States</u>, 397 F.2d 1485, 1489 (9th Cir. 1991).

The actions of the Service agents in this case properly fall under the protection of

section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

        Plaintiffs' complaint asserts that the notices of federal liens at issue were filed "in

the absence of record evidence of existing assessment(s)" and "in an amount for which

defendant has been unable to produce evidence of procedurally proper, valid

assessments."  (Compl. ¶¶ 4, 5, 6.)  Sections 7431 and 7433 do not address the legitimacy

of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We…agree with…the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the...contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 19466, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiffs as evidenced by the notices of federal tax liens. (Compl. ¶¶ 5, 6, Attachments.) The

assessments recorded and reflected in the notice of federal tax lien constitute admissible evidence of the fact of the assessments. Fed. R. Evid. 803(15). See also G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997); Amber Truck Lines v. United States, 805 F. Supp. 32, 34 (D. Utah 1992) (noting that the certification of an Internal Revenue Service officer of notice and demand on a notice of federal tax lien makes the presumption that notice was made even more compelling). Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted). Therefore, Plaintiffs' claim of invalid assessments is unconvincing, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

Plaintiff has not alleged sufficient facts upon which to posit a violation of section 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

/

/

/

/

/

/

- 17 -

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint should be dismissed.  In the alternative, Plaintiff has not exhausted his administrative remedies under the Code, therefore the complaint should be dismissed.  In the alternative, there has been no violation of section 6103, and therefore the complaint should be dismissed.

DATE: June 25, 2007                                Respectfully submitted,

                                                   /s/ Anne E. Blaess
                                                   ANNE E. BLAESS
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   Post Office Box 227
                                                   Ben Franklin Station
                                                   Washington, D.C. 20044
                                                   Telephone: (202) 616-9806
                                                   Facsimile: (202) 514-6966
                                                   Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HERMAN ALPHONSE WESSELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-000589 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, ORDER, and NOTICE OF RELATED CASES were caused to be

served upon Plaintiff *pro se* on the 25th day of June, 2007, by depositing a copy in the

United States' mail, postage prepaid, addressed as follows:

HERMAN ALPHONSE WESSELMAN
Plaintiff *pro se*
c/o General Delivery
210 North 3rd Street
Effingham, IL 62401

/s/ Anne E. Blaess
ANNE E. BLAESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,    )
                                         )
                Plaintiff,      )
                                         )
       v.                   )      No. 1:07-cv-000589 (ESH)
                                         )
UNITED STATES,                )
                                         )
               Defendant.    )

ORDER

      Having considered the United States' motion to dismiss, memorandum in support thereof, and any oppositions and replies thereto, the Court concludes that the motion ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

      ORDERED that the United States' motion to dismiss be and is GRANTED;

      ORDERED that Plaintiff's complaint be and is DISMISSED WITH PREJUDICE, and it is further

      ORDERED that the clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

                                                  _____
                                                UNITED STATES DISTRICT JUDGE

COPIES TO:

ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

HERMAN ALPHONSE WESSELMAN
Plaintiff *pro se*
c/o General Delivery
210 North 3rd Street
Effingham, IL 62401

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,    )
                              )
                Plaintiff,    )
                              )
        v.                    )        No. 1:07-cv-000589 (ESH)
                              )
UNITED STATES,                )
                              )
                Defendant.    )

NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

    1. Richard & Wilma Metsker v. United States, Civil No. 1:06-cv-02132 RCL

    2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

    3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

    4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

    5. Stephen J. & Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

    6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

    7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

    8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

    9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

    10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

    11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

    12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Robert Powell v. United States, Civil No. 1:06-cv-1860-RJL

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Edward J. Link v. United States, Civil No. 1:06-cv-2113-GK

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

24. Thomas & Doris Moorhouse v. United States, Civil No. 1:06-cv-2152-EGS

25. Linda D. Lykens v. United States, Civil No. 1:07-cv-20-JDB

26. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

27. Bon & Beverly Ahrens v. United States, Civil No. 1:07-cv-35-RMU

28. Michael R. Marsoun v. United States, Civil No. 1:07-cv-355-JDB

29. Charles Radcliffe v. United States, Civil No. 1:06-cv-1858-RJL

30. Jack D. Thrasher v. United States, Civil No. 1:07-cv-627-RMU

Indeed, not only are the complaints in these cases nearly identical, but many of

the plaintiffs listed above have also filed previous complaints alleging unlawful

disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: June 25, 2007                                          Respectfully submitted,

                                                              /s/ Anne E. Blaess
                                                             ANNE E. BLAESS
                                                             Trial Attorney, Tax Division
                                                             U.S. Department of Justice
                                                             Post Office Box 227
                                                             Ben Franklin Station
                                                             Washington, D.C. 20044
                                                             Telephone: (202) 616-9806
                                                             Facsimile: (202) 514-6966
                                                             Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney