RECEIVED

JUL 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Herman Alphonse Wesselman ) )
vs, ) CASE NO. 1:07-cv-000589 (ESH)
)
) RESPONSE TO MOTION TO DISMISS
UNITED STATES )
)
)
)

Defendant asserts that this 7431 action should be a 7433 action, and that the

Court lacks jurisdiction, and, alternatively, that the action should be dismissed for failure

to state a claim because Plaintiff has not alleged exhaustion of remedies under 7433.

Addressing these assertions in their given order:

Defendant, by and with the assistance of counsel, is trying to use IRC § 7433 as

though it repeals § 7431. Both demonstrate knowledge, p. 5, that such is not the case:

> "Section 7431 was added to the Internal Revenue Code six years before section
> 7433, and Congress must necessarily have been aware of section 7431 when it
> enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990)
> ("We assume that Congress is aware of existing law when it passes legislation.").

The purpose of the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321, 6323, was

to fit tax liens into the priority scheme of the Uniform Commercial Code. *Pine Builders,*

*Inc. v United States* (1976, ED Va) 413 F Supp 77, 76-1 USTC 9402, 19 UCCRS 306,

37 AFTR 2d 76-1361. Defendant and counsel admit, p. 12, that the purpose of the

disclosure was <u>other than collection</u>:

> "Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens... Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991)."

It is well settled in the courts - and counsel has herself asserted - that §§ 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103.

While defendant and counsel attempt to use excerpts from *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991), as support, the Court should note that these excerpts, if taken as presented, purport to authorize disclosing confidential information in the public domain, so that the disclosure of the confidential information in the public domain may then be excused because the confidential information is, post disclosure, in the public domain; the absurdity of this circuitous reasoning should result in the Court finding the out-of-Circuit excerpts unpersuasive.

Alternatively, defendant's assertions that the filing of a Notice of Federal Tax Lien is "in connection with" collection of tax, and is therefore to be addressed under section

7433 rather than section 7431, defendant's arguments still fail.

As established in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in

*Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny, the

Court's *subject matter* jurisdiction under section 7433 was verified by the Supreme

Court decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22,

2006, in which the Supreme Court examined "essential element of a claim" with respect

to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing*

*Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is
> the proper trier of contested facts."

Plaintiff asserts that the Complaints in each case met the "notice pleading"

requirements set forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41.[2]

Plaintiff's contention is supported by *Jones v Bock* (Nos. 05-7058 and 05-7142)

__ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), in which the

Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of
> Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a
> complaint..."

and that,

---

[1]*Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's
RELIEF MEMO, ¶ _____.

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination
was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the
Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he
bases his claim." Pp. 47-48.

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

Chief Justice Roberts also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[3]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

7433(d)'s language - "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh,* 1240; *Reeves.* Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, is, more properly brought after the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of available administrative remedies, and even the *availability* of such remedies.

Defendant's Motion to Dismiss, insofar as it asserts "lack of subject matter jurisdiction" and  "failure to state a claim", on the basis that

"A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service"

lacks merit.  The Court will note that defendant's counsel in Plaintiff's related case filed

---

[3] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

under section 7433 has eschewed such "failure to exhaust" (and "failure to plead")

defense in his motion to dismiss Plaintiff's related 7433 case (Motion to Dismiss by

Charles Keen, attached, with Plaintiff's response thereto, also attached, and filed

concurrently in the related case), apparently aware that doing so would misrepresent

the regulation (cited in Anne E. Blaess' motion to dismiss the instant case) as a

substantive rule--or a "legislative-type rule," i.e., one "affecting individual rights and

obligations", when the standards established by the United States Supreme Court

clearly establish otherwise; a misrepresentation Blaess has now made.

## DISCUSSION

The regulation cited by attorney Blaess as a procedural bar[4] lacks - and has

lacked from its purported promulgation - the "certain substantive characteristics" and

"certain procedural requisites" required, Chrysler v. Brown, 441 U.S. 281, at 301, of "a

substantive rule--or a 'legislative-type rule,'" Id., 302; citing Morton v. Ruiz, 415 U.S.

199, at 236.  Office of the Federal Register documents (including the "regulations" itself,

and Treasury Directives) establish that neither the Secretary of the Treasury nor any

authorized delegate promulgated any substantive regulation (see footnote 3, below),

i.e., a regulation "affecting individual rights and obligations" Morton v. Ruiz, 415 U.S.

199, at 232, which made any substantive "administrative remedies available" (IRC §

7433) under any incarnation of Internal Revenue Code section 7433.

As the Honorable Rehnquist, J., opined in Chrysler v. Brown, 441 U.S. at 301,

302,

---

[4] To the 7433 action Blaess would have the Court convert the instant case into.

> "In order for a regulation to have the "force and effect of law," it must have certain substantive characteristics and be the product of certain procedural requisites. The central distinction among agency regulations ... is that between "substantive rules" on the one hand and "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" on the other. *** But in Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), we **1718 noted a characteristic inherent in the concept of a "substantive rule." We described a substantive rule--or a "legislative-type rule," id., at 236, 94 S.Ct., at 1074-as one "affecting individual rights and obligations." Id., at 232, 94 S.Ct., at 1073. This characteristic is an important touchstone for distinguishing those rules that maybe "binding" or have the "force of law." Id., at 235, 236,94 S.Ct., at 1074."[5]

The "certain procedural requisites" to which the Chrysler Court referred include, in respect of Blaess' cited regulation, the procedural requirements of TREASURY DIRECTIVE: 28-01, and TREASURY DIRECTIVE: 25-03, discussed hereinthroughout, as appropriate.

The Chrysler Court continued, at 303:

> "Likewise, the promulgation of these ["substantive"] regulations must conform with any procedural requirements imposed by Congress. Morton v. Ruiz, supra, at 232. For *agency discretion is limited not only by substantive, statutory grants of authority, but also by the procedural requirements which "assure fairness and mature consideration of rules of general application.*" NLRB v. Wyman-Gordon Co., 394 U.S. 759, 764 (1969)." (Block quote and emphasis added)

TREASURY DIRECTIVE: 28-01, by express terms, "establishes procedures that govern the issuance of regulations" Ibid., ¶ 1, and mandates that "issuance of regulations, the review of existing regulations, and the publication of regulatory agendas

---

[5]Within the above analysis, footnote 31 included the commentary:
> "In contrast [the Attorney General's Manual] suggests that "interpretive rules" and "general statements of policy" do not have the force and effect of law. Interpretive rules are issued by an agency to advise the public of the agency's construction of the statutes and rules which it administers." Ibid. General statements of policy are "statements issued by an agency to advise the public prospectively of the manner in which the agency proposes to exercise a discretionary power."

and programs are governed by the Administrative Procedure Act," among other Acts.Ibid., ¶ 2. TREASURY DIRECTIVE: 28-01 even establishes "Special Procedures for the Internal Revenue Service", at Part I, ¶ 4(b).

TREASURY DIRECTIVE 25-03 "states the responsibilities and procedures for submitting Department of the Treasury documents to the Office of the Federal Register in accordance with Title 1 of the Code of Federal Regulations (CFR) Chapter 1." Ibid. ¶ 1, and establishes conclusively that regulations submitted to the Office of the Federal Register for publication must comply with Title 1 of the Code of Federal Regulations.

TREASURY DIRECTIVE 25-03 also reaffirms that every document submitted must comply with TREASURY DIRECTIVE 28-01. TREASURY DIRECTIVE 25-03, ¶ 4(a)(2).

"[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]"[6] failed to comply with the procedural requirements of TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03, to wit:.

Each of the Treasury Decisions purported to have promulgated Blaess' cited regulation lacks the "complete citation of the authority under which the section is issued" required by Title 1 C.F.R. § 21.40, "including-(a) General or specific authority delegated by statute; and (b) Executive delegations, if any, necessary to link the statutory authority to the issuing agency". The information required by Title 1 C.F.R. § 21.40 is among the Agency Responsibilities published in Title 1 C.F.R. § 21.41.

---

[6]This series of Treasury Decisions purporting to "promulgate" and "amend" 26 CFR 301.7433 is quoted directly from, Treasury Decision 9050, 68 FR 14320 including the brackets.

Each of the Treasury Decisions purported to have promulgated the published "26 CFR 301.7433-1" contains neither a citation to 102 Stat. 3747 (TBOR I), nor to 110 Stat. 1465 (TBOR II), nor to 112 Stat. 730 (TBOR III), *aka* IRC § 7433, in its three (3) incarnations, as the source of authority, as required by the Office of the Federal Register in its administration of the Federal Register Act, at Title 1 C.F.R. § 21.43(a), and Title 1 C.F.R. § CFR 21.52; nor does it contain a citation to any substantive authority, as exemplified in Title 1 C.F.R. § CFR 21.45, and Title 1 C.F.R. § CFR 21.53.

Each of the Treasury Decisions purported to have promulgated "26 CFR 301.7433-1", in every instance, failed to comply with the "responsibilities and procedures" established in TREASURY DIRECTIVE 25-03[7], "for submitting Department of the Treasury documents to the Office of the Federal Register in accordance with Title 1 of the Code of Federal Regulations (CFR) Chapter 1." .

Based upon the standard established by <u>Chrysler v. Brown</u>, *supra*, <u>Morton v. Ruiz</u>, *supra*, each Treasury Decision's failure to comply with TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03, in failing to meet the procedural requirements of the Office of the Federal Register publishing the Code of Federal Regulations[8] in its administration of the Federal Register Act, precludes construing "26 CFR 301.7433-1" as anything more than an "interpretative regulation" not "affecting individual rights and obligations".

---

[7]Failure to comply with Treasury Directive 28-01 is discussed in greater detail below.

[8]("...[T]he codification of the general and permanent rules published in the Federal Register by the executive departments and agencies of the Federal Government". SEE 1 CFR 2.5(b); 1 CFR 8.1).

There is not, nor could there have been, any "failure" in respect of such "interpretative regulation".

In discussing the distinction between "substantive" and "interpretative (interpretive)" regulations, the <u>Chrysler</u> Court pointed out, at 441 U.S. 315, that the regulation at issue therein established, *inter alia*:

> " 'As the changes made by this document relate solely to interpretive rules, general statements of policy, and to rules of agency procedure and practice, neither notice of proposed rule making nor public participation therein is required by 5 U.S.C. 553. Since the changes made by this document either relieve restrictions or are interpretative rules, no delay in effective date is required by 5 [441 U.S. 315] U.S.C. 553(d). These rules shall therefore be effective immediately.' "

<u>Chrysler</u> found,

> "Thus, the regulations were essentially treated as interpretative rules, and interested parties were not afforded the notice of proposed rulemaking required for substantive rules under 5 U.S.C. § 553(b)."

_____TREASURY DIRECTIVE 28-01 establishes that "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", *aka* "26 CFR 301.7433-1" had to meet the procedural requirements of the Administrative Procedure Act, as well as those of Title 1, Code of Federal Regulations; the latter reaffirmed in TREASURY DIRECTIVE 25-03.

TREASURY DIRECTIVE 28-01 applies, by express terms, to:

(1) any advance notice of proposed rulemaking, notice of proposed rulemaking (proposed regulation), temporary (interim) regulation, final regulation or Treasury Decision published in the Federal Register;
(2) any other publicly-issued document of general applicability and future effect designed to <u>implement, interpret, or prescribe law or policy</u>, or describing the procedure or practice requirements of an office or bureau;
(3) any document that withdraws or substantively amends a previously issued regulation;
(4) <u>any document published in the Notice section of the Federal Register that:</u>

<u>(a) requires or authorizes any action on the part of any person to participate in a program, avoid a penalty, or obtain a benefit;</u>
<u>(b) contains a reporting or recordkeeping requirement;</u>

Blaess forcefully asserts, in so many words, that "26 CFR 301.7433-1" was <u>"designed to implement, interpret, or prescribe law or policy,"</u> and <u>"requires...any action on the part of any person...to participate in a program, avoid a penalty, or obtain a benefit"</u> as described in TREASURY DIRECTIVE 28-01. This forceful assertion establishes that the TREASURY DIRECTIVES are applicable to the regulation cited.

Further,

Blaess' regulation (sic) is its own best evidence of failure to comply with the Administrative Procedure Act, as mandated by TREASURY DIRECTIVE 28-01. The published "26 CFR 301.7433-1", containing only the bracketed reference "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", contains the statement, in part, that:

> "It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations..."[9]

_____TREASURY DIRECTIVE 28-01, unarguably applicable, allows exemption from 5

---

[9]      Section 4 of the Administrative Procedure Act, at 5 U.S.C. § 553(b), provides for ONLY two exceptions to the requirement that "General notice of proposed rule making shall be published in the Federal Register":
*****
> "Except when notice or hearing is required by statute, this subsection does not apply --
> "      (A) to *interpretative rules, general statements of policy*, or *rules of agency organization, procedure, or practice*; or
> "      (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest."

U.S.C. § 553 only in cases of emergency or statutory or judicial deadlines, and requires

that any regulation asserting such "shall contain a specific statement explaining, and a

citation to the provisions of 5 U.S.C. 553 that authorize, such action." TREASURY

DIRECTIVE 28-01, Part VI, ¶¶ 1, 2. "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR

5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", *aka* "26

CFR 301.7433-1" failed to comply with these procedural requirements of TREASURY

DIRECTIVE 28-01.

_____In the similar situation, the Supreme Court wisely followed the precedent it had

set 2 years previously:

> "As we observed in Batterton v. Francis, 432 U.S. 416, 425 n. 9, 97 S.Ct.
> 2399, 2405 n. 9, 53 L.Ed.2d 448 (1977):
>> "[A] court is not required to give effect to an interpretative
>> regulation. Varying degrees of deference are accorded to
>> administrative interpretations, based on such factors as the timing
>> and consistency of the agency's position, and the nature of its
>> expertise." [10]
> "We need not decide whether these regulations are properly characterized
> as "interpretative rules." *It is enough that such regulations are not properly
> promulgated as substantive rules*, and therefore not the product of
> procedures which Congress prescribed as necessary prerequisites to
> giving a regulation the binding effect of law."

Chrysler, at 441 U.S. 315 (Emphasis added).

In the clear absence of an incorporated "finding and a brief statement of reasons

therefor" as specified in 5 USC § 553(b)(3)(B), and in the clear absence of "a specific

statement explaining, and a citation to the provisions of 5 U.S.C. 553 that authorize,

such action" as required by TREASURY DIRECTIVE 28-01, Part VI, ¶¶ 1, 2, the

---

[10]The Court is respectfully reminded that defendant's agency failed to even attempt to promulgate a
regulation for four years after the right to bring an action was granted by Congress.

assertion that "section 553(b) of the Administrative Procedure Act...does not apply...",

the Treasury Decisions purporting to promulgate "26 CFR 301.7433-1" are their own

best evidence that it is merely "an interpretative regulation" <u>Chrysler</u>, 441 U.S. 281 at

315; <u>Batterton v. Francis</u>, 432 U.S. 416, 425 n. 9, not "affecting individual rights and

obligations" <u>Morton v. Ruiz</u>, 415 U.S. at 232, that "[A] court is not required to give effect

to" <u>Batterton v. Francis</u>, *supra.*

Based upon the foregoing, the Court should follow the Supreme Court's prudent

example, and find that "26 CFR 301.7433-1" fails to "affect individual rights and

obligations" <u>Morton v. Ruiz</u>,  notwithstanding the clear Congressional intent that

"administrative remedies [be made] available"; that it is nothing more than an

"interpretative regulation", <u>Chrysler v. Brown</u>, 441 U.S. 281 (1979), i.e., a regulation not

"affecting individual rights and obligations" <u>Morton v. Ruiz</u>, 415 U.S. at 232; that the

"court is not required to give effect to" <u>Batterton v. Francis</u>, 432 U.S. 416, 425 n. 9; and

that "26 CFR 301.7433-1" lacks substantive authority.

Plaintiff asserts that the misrepresentation(s) of defense counsel cast doubt upon

defendant's credibility insofar as defendant, by and with counsel's assistance, posits

that the disclosures admitted were "in connection with" collection, and properly

actionable only under section 7433. Plaintiff asserts that ddefendant should be

required, at a minimum, to produce all Certificates of Assessment relevant to the

periods at issue to establish, as a factual matter, that the disclosures complained of

were, in fact, "in connection with" collection of assessed liabilities. Defendant's

production or failure to produce such Certificates of Assessment would provide the

factual foundation upon which the Court cold then make a fully informed decision.

In the alternative, Plaintiff asserts that the Court should consolidate Plaintiff's two (2) related cases, counsel's misrepresentative assertions of lack of jurisdiction and failure to state a claim notwithstanding.

**WHEREFORE**, plaintiff requests that defendant's motion to dismiss be denied.

Dated _24th of July_, 2007

By: _Herman Alphonse Wesselman_
Herman Alphonse Wesselman

copies mailed this _26th_ day of ██, 2007, to:

Anne E. Blaess
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044

## CERTIFICATE OF SERVICE

I hereby certify that I mailed by first class U.S. Postal Service, postage prepaid, a copy of the foregoing RESPONSE TO MOTION TO DISMISS and attachments, for Case number 1:07-cv-000589 to the following

Clerk of theDistrict Court
333 Constitution Ave NW
Washington, District of Columbia 20001

Anne E. Blaess
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Done this ___25 th___ day of __July_____, A. D. 2007.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,     )
                              )
          Plaintiff,            )
                              )
      v.                        )       No: 1:07-cv-906 (ESH)
                              )
UNITED STATES OF AMERICA,        )
                              )
          Defendant.        )

## <u>UNITED STATES' MOTION TO DISMISS COMPLAINT</u>

DEFENDANT, the United States of America, moves the Court to dismiss

plaintiff's complaint on the grounds that he failed to state a claim upon which relief can

be granted.

A memorandum of points and authorities in support of this motion and a

proposed order are submitted herewith.

DATE: July 13, 2007.           Respectfully submitted,

                                   /s/ Charles H. Keen     
                                  CHARLES H. KEEN
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Post Office Box 227
                                  Washington, DC 20044
                                  Tel./FAX: (202) 307-6536/614-6866
                                  Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2479017.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,     )
                                  )
          Plaintiff,            )
                                  )
       v.                      )     No: 1:07-cv-906 (ESH)
                                  )
UNITED STATES OF AMERICA,      )
                                  )
          Defendant.       )

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for alleged unauthorized collection activities.

### QUESTION PRESENTED

Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted?

### STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Herman Alphonse Wesselman, filed this complaint on May 14, 2007, and served the United States Attorney General on May 30, 2007 and the United States Attorney for the District of Columbia on May 29, 2007. Plaintiff did not serve the Internal Revenue Service.

2611139.1

2. <u>Relief sought and allegations in the complaint</u>. The complaint seeks damages under 26 U.S.C. § 7433. (Compl., Remedy Sought, at 18-19.) Plaintiff has organized his complaint into 41 purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.1/

ARGUMENT

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES
FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements. (Compl., Remedy Sought, at 18-19.)

Plaintiff's complaint for damages under 26 U.S.C. § 733 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, here, there are no facts in plaintiff's

---

1/ Plaintiff alleges that the Internal Revenue Service: disregarded certain record-keeping requirements (counts 1-2); failed to prepare substitutes for returns for them (counts 3-8); failed to disclose their returns to them (count 9); forced them to use social security numbers (count 10); failed to comply with assessment procedures (counts 11-18, 33); exceeded its authority under section 6301 to collect taxes (counts 19-26); failed to send required notices (counts 27-29); failed to comply with section 6304 which prohibits harassing taxpayers (count 30); failed to provide them with hearings and mediation (count 31); and improperly asserted tax liens (counts 32, 34-41).

2611139 1

complaint to support a claim for damages; and thus, this court should conclude that plaintiff has not, in fact or law, stated such a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Here, most of plaintiff's allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). Accordingly, all allegations in plaintiff's complaint which involve non-collection activities must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping requirements (counts 1-2); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-8); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-18, 33); collection due process hearings and mediation (count 31), penalty determinations (counts 33) and failure to provide return information (count 9).

3

2611139.1

Plaintiff first generally avers, in counts 19-26, that the Internal Revenue Service exceeded its collection authority. Plaintiff cites no factual support whatsoever for these allegations, and thus has utterly failed to demonstrate his right to relief. These allegations fail to state any claim upon which relief can be granted.

Besides these general, unsubstantiated allegations, plaintiff alleges only ten counts that relate to collections. These ten counts allege that the Internal Revenue Service: (1) asserted a lien without giving proper notice and demand (count 32); (2) asserted liens for which no assessment was made (count 35); (3) failed to certify notices of federal tax lien under section 6323 (count 36); (4) otherwise violated section 6323 (counts 37, 38); (5) failed to hold a hearing before levy (count 31); (6) engaged in harassing behavior (count 30); (7) failed to give notice or demand payment of taxes (count 27); (8) unlawfully filed a civil action against plaintiff for collection of taxes (count 40); and (9) unlawfully appropriated plaintiff's private property (count 41). Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever, and thus fail to state a claim.

First, in count 32, plaintiff alleges that the Internal Revenue Service asserted a tax lien without proper notice and demand. *See* 26 U.S.C. §§ 6303, 6331. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days

notice before it can make a levy. 26 U.S.C. § 6331(d)(2).2/  Plaintiff has provided no

basis for his allegations and has provided no information from which this Court can

conclude that he is entitled to relief.

Second, in count 35, plaintiff alleges that the Internal Revenue Service asserted

liens for which no assessment was made. Again, the plaintiff makes a bare assertion

with no factual support whatsoever. The Court cannot determine what liens, if any, the

plaintiff is asserting were made, for which periods, whether notices of federal tax lien

were filed, or any other fact which would entitle plaintiff to relief.

Third, in count 36, plaintiff alleges that the Internal Revenue Service failed to

certify notices of tax lien for filing, in violation of 26 U.S.C. § 6323. Section 6323(f) sets

forth the requirements for filing a notice of federal tax lien. Nowhere in the statute is

there a requirement for "certification." The statute requires that a notice of tax lien

against property be filed "in the office with the State . . . as designated by the laws of

such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1).

The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien."

26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax

---

2/ Section 6303 states that "the Secretary shall . . . within 60 days, after the
making of an assessment of a tax . . . give notice to each person liable for the unpaid
tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any
tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in
favor of the United States upon all property and rights to property . . . belonging to such
person." 26 U.S.C. 6321.

2611139.1

liability, and the date of the assessment. *Id.* at § 301.6323(f)-1(d)(2). Plaintiff has provided no information about the lien(s) which he alleges was improperly filed.

Fourth, in counts 37 and 38, plaintiff alleges other, unspecified, violations of section 6323. Plaintiff makes no effort to specify these alleged violations, and fails to provide any factual allegations that would demonstrate that he is entitled to relief.

Fifth, in count 31, plaintiff alleges that the Internal Revenue Service failed to hold a hearing before levy. *See* 26 U.S.C. § 6330(b). Section 6330(b) provides for a hearing before a levy is made. Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). Plaintiff has not alleged any facts from which the Court could determine that he was entitled to notice or a hearing. He has not alleged that he requested any hearing, or identified any tax lien or levies at issue.

Sixth, in count 30, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct. *See* 26 U.S.C. § 6304(b). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

6

2611139.1

Seventh, in count 27, plaintiff alleges that the Internal Revenue Service failed to give notice or demand payment of taxes. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303. Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Eighth, in count 40, plaintiff alleges that the United States unlawfully filed a civil action against plaintiff for collection of taxes. 26 U.S.C. §§ 7401 and 7403 provide authorization to file civil actions for the collection of taxes and the enforcement of liens. Again, plaintiff has not provided any support for this bare allegation, such as the district in which the action was filed, the docket number, or any other information tending to show that the alleged suit was even filed.

Finally, in count 41, plaintiff alleges that the Internal Revenue Service unlawfully appropriated plaintiff's private property. Yet again, plaintiff simply makesa bare statement, with no factual allegations to show that he may be entitled to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, plaintiff has failed to state a claim, and this Court should dismiss the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.

2611139.1

CONCLUSION

Plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. Those ten counts that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these ten counts must be dismissed for failure to state a claim upon which relief can be granted. Therefore, this Court should dismiss plaintiff's complaint.

DATE: July 13, 2007.

Respectfully submitted,

/s/ Charles H. Keen
CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel./FAX: (202) 307-6536/614-6866
Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

8

2611139.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,    )
                              )
        Plaintiff,            )
                              )
    v.                        )    No: 1:07-cv-906 (ESH)
                              )
UNITED STATES OF AMERICA,     )
                              )
        Defendant.            )

## O R D E R

Having considered the United States' motion to dismiss plaintiffs' complaint, together with the memorandum in support thereof, and having further considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Herman Alphonse Wesselman, pro se
210 North 3rd Street
Effingham, Illinois 62401

2479783.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

HERMAN ALPHONSE WESSELMAN,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        No: 1:07-cv-906 (ESH)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT

and proposed ORDER were served upon plaintiff *pro se* on July 13, 2007, by depositing

a copy in the United States' mail, postage prepaid, addressed as follows:

Herman Alphonse Wesselman, pro se
210 North 3rd Street
Effingham, Illinois 62401


            /s/ Charles H. Keen
            CHARLES H. KEEN

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Herman Alphonse Wesselman,    )
            )    Case No: 1:07-cv-906 (ESH)
       Plaintiffs,    )
   v.          )
            )    **Response to Motion to Dismiss**
UNITED STATES (Government),    )    **Complaint**
            )
       Defendant.    )
            )

### INTRODUCTION

Defendant's assertion that this Court lacks subject-matter jurisdiction in the instant matter on the basis of the frivolous assertion that I "failed to state an unauthorized collection claim" is without merit.

I, Herman Alphonse Wesselman, Plaintiff, hereby respond to the United States' Motion to Dismiss my Verified Complaint:

### QUESTION PRESENTED

Is defendant asking the Court to impose a "heightened pleading standard" to misdirect the Court into dismissal?

### DISCUSSION

Defendant initially asserts that

> "Plaintiff's complaint for damages under 26 U.S.C. § 733 (sic) is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6)."

However, defendant, immediately thereafter, acknowledges that

> "A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a)."

I assert that my Verified Complaint meets the "notice pleading" requirements set

forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[1], and

reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January,

2007).     In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued:

October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined

that:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

> "...such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant's motion, devoid of the usual, if obsolete, attempts to avoid litigating

damages through unwarranted reliance upon an internal statement of policy[3], is a

dilatory tactic, intended to needlessly increase the cost of this litigation; insofar as it

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

[3] See: Chrysler v. Brown, 441 U.S. 281, at 301, 302; Morton v. Ruiz, 415 U.S. 199, at 236; Batterton v. Francis, 432 U.S. 416, 425 n. 9; compare: TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03.

asserts "failure to state a claim", it is nothing more than an attempt to have the Court to impose a "heightened pleading standard", by attempting to require "pre-disclosure", without the parameters of Fed.R.Civ.P. 26-37.

Defendant's lengthy Memorandum in Support has certainly shown that my Verified Complaint "gives the defendant fair notice of the claim" contained therein,[4] as described in Fed.R.Civ.P. 8(a). Even if defendant's "Hail Mary" assertion that something more than the Rule's "short and plain statement of the claim" were found to have a basis, as a pro se litigant, my pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and I should be allowed to amend, to cure the asserted defect.

## QUESTION PRESENTED

Is defendant's citation to cases litigated upon Trust Fund Recovery Penalty assessments a misrepresentation of the issues in the instant case?

## DISCUSSION

In frivolously citing Arnett v. United States, 889 F. Supp. 1424,1430 (D. Kan. 1995) and Sylvester v. United States 978 F. Supp. 1186 (E.D. Wis. 1997), defendant's motion borders upon perpetrating a fraud upon the Court; both of the cited cases relate, as specified by defendant, to "actions taken during assessment of tax under 26 U.S.C. 6672", and "allegation that IRS incorrectly computed Section 6672 liability", and are completely irrelevant to the instant action. Even the third citation, Zolman v. IRS, 87 F. Supp. 2d 765 (W.D. Mich. 1999), is limited, by defendant's admission that this cited case was limited, specifying "mere assertion of improper assessment of tax liability,

---

[4]It appears as if defendant has already admitted that at least 10 of the counts are valid.

*without more*, is insufficient". A review of my Verified Complaint shows that there is no

allegation of "assessment of tax under 26 U.S.C. 6672" ..., "incorrectly computed" or

otherwise, and that, in fact, much more than "mere assertion of improper assessment"

is alleged in the instant case.

### QUESTION PRESENTED

Is defendant's assertion that Counts 1 and 2; 3 through 8; 10; 11 through 18; 31;

33; and 9 (in defendant's order of challenge) of my Verified Complaint describe

"non-collection activities" sufficient to deprive the Court of jurisdiction to conduct judicial

review of the agency actions described in those Counts under the ADMINISTRATIVE

PROCEDURE ACT?

### DISCUSSION

Defendant fails to challenge the Court's jurisdiction under §§ 704 and 706 of the

ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392; 393, to determine whether

officers or employees responsible for agency actions[5] subject of my Verified Complaint,

disregarded identified provisions of the INTERNAL REVENUE CODE and regulations

promulgated thereunder. Defendant fails to challenge the Court's power, for those

purposes, to review the agency record pursuant to the FEDERAL RECORDS ACT; 82

Stat. 1297, *et seq*.; and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq*.

The allegations of administrative procedural failures in Counts 1 and 2; 3 through

8; 10; 11 through 18; 31; 33; and 9, whether or not actionable themselves for damages,

provide a background for the Court to ultimately determine whether officers or

---

[5]"'Agency action' includes the whole or a part of an agency rule, order, license,
sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 USC 551 (13).

employees of IRS disregarded other provisions "in connection with collection".

Defendant's failure to challenge the Court's jurisdiction for judicial review concedes that

jurisdiction, and allows the Court to consider background administrative failures in

reaching its ultimate determination with respect to bases for damages.

### QUESTION PRESENTED

Is defendant's assertion that Counts 19 through 26 of my Verified Complaint lack

factual support sufficient to pre-empt the discovery process prescribed in Fed.R. Civ. P.

26-37?

### DISCUSSION

I re-assert that Counts 19 through 26 of my Verified Complaint meet the "notice

pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v.*

*Gibson*, 355 U.S. 41[6], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) ___

U.S. _____ (January, 2007).   To the extent that Counts 19 through 26 might require

more than Fed.R.Civ.P. 8(a)'s "short and plain statement of the claim", I direct the

Court's attention to Exhibit 1, the Parallel Table of Authorities published by the Office of

the Federal Register, in it's administration of the Federal Register Act, at page 44,

showing that no regulation has been issued under Title 26, Code of Federal

Regulations, "...[T]he codification of the general and permanent rules published in the

Federal Register by the executive departments and agencies of the Federal

Government". SEE 1 CFR 2.5(b); 1 CFR 8.1.  All regulations in the Parallel Table

---

[6] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

Herman Wessleman v. United States          Page 5 of 8              RESPONSE TO MOTION TO DISMISS

identified as promulgated under section 6301 are found under Title 27, CFR, and pertain only to taxes imposed upon alcohol, tobacco, and firearms; matters not relevant to the case at bar.

## QUESTION PRESENTED

Do Counts 32; 35; 36; 37, 38; 31; 30; 27; 40; and 41 of my Verified Complaint (again, defendant's sequence) "set forth a short and plain statement of the claim that gives the defendant fair notice of the claim" meeting Fed.R.Civ.P. 8(a)'s requirements, as interpreted in *Conley v. Gibson*, 355 U.S. 41[7], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007)?

## DISCUSSION

Defendant's detailed description of the allegations contained in Counts 27; 30; 31; 32; 35; 36; 37, 38; 40; and 41 shows the defendant has "fair notice of the claim[s]" contained therein,[8] as described in Fed.R.Civ.P. 8(a).  Defendant <u>must be in possession of the records</u>[9] to prove the truth or falsity of all allegations contained my Verified Complaint, particularly these 10.


Defendant appears to be seeking dismissal on the basis of an asserted lack of disclosure/discovery that is, until defendant Answers, unavailable.

---

[7] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[8] It appears as if defendant has already admitted that at least these 10 counts are valid.

[9] FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*; NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*

Based upon the foregoing, the United States' Motion to Dismiss should be denied.

Respectfully Submitted

Dated _25th of July_ , 2007

By: Herman alphonso: wesselman

Herman Wesselman

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the forgoing on:

Charles H. Keen
U.S. Department of Justice
P.O. Box 227
Washington D.C. 20044

Dated _25 <u>th</u> of July_____, 2007

by: _Herman Wessleman_

# PARALLEL TABLE OF AUTHORITIES AND RULES

The following table lists rulemaking authority (except 5 U.S.C. 301) for regulations codified in the *Code of Federal Regulations*. Also included are statutory citations which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;

For the United States Statutes at Large, by volume and page number;

For public laws, by number; and

For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 2006.

EXHIBIT /⁻/

1

## Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 3306 | 20 Part 604 |
| 3309—3311 | 20 Part 601 |
| 3401—3402 | 26 Part 31 |
| 3401 | 26 Part 1 |
| 3405 | 26 Part 35 |
| 3406 | 26 Parts 31, 35a |
| 4041 | 26 Part 48, 145 |
| 4051—4052 | 26 Parts 48, 145 |
| 4051 | 26 Part 41 |
| 4061 | 26 Parts 48, 142 |
| 4064 | 26 Part 48 |
| 4071 | 26 Part 48 |
| 4073 | 26 Part 48 |
| 4081 | 26 Part 48 |
| 4082 | 26 Part 48 |
| 4083 | 26 Part 48 |
| 4101 | 26 Part 48 |
| 4181—4182 | 27 Parts 53, 70 |
| 4216—4219 | 27 Part 53 |
| 4221—4223 | 27 Part 53 |
| 4222 | 26 Part 48 |
| 4225 | 27 Part 53 |
| 4251 | 26 Part 49 |
| 4293 | 26 Part 48 |
| 4374 | 26 Parts 46, 47 |
| 4461 | 19 Part 24 |
| 4462 | 19 Part 24 |
| 4482—4483 | 26 Part 41 |
| 4483 | 26 Part 48 |
| 4493 | 26 Part 154 |
| 4662 | 26 Part 52 |
| 4682 | 26 Part 52 |
| 4854 | 7 Part 28 |
| 4943 | 26 Part 53 |
| 4975 | 26 Part 54 |
| 4980B | 26 Part 54 |
| 4981A | 26 Part 54 |
| 4989 | 26 Part 150 |
| 4992 | 26 Part 51 |
| 5001—5002 | 27 Parts 19, 31, 194 |
| 5001 | 27 Parts 18, 20, 22, 24, 26—27, 251, 252 |
| 5002 | 27 Parts 25, 29 |
| 5004—5006 | 27 Part 19, 199 |
| 5007—5008 | 27 Parts 26—27, 252 |
| 5008 | 27 Parts 19, 24 |
| 5010 | 27 Parts 17, 19, 26—27, 251 |
| 5041—5042 | 27 Part 24 |
| 5041 | 27 Parts 19, 26—27, 252 |
| 5044 | 27 Part 24 |
| 5061—5054 | 27 Part 25 |
| 5051 | 27 Parts 26—27, 251, 252 |
| 5053 | 27 Part 252 |
| 5054 | 27 Part 27, 251 |
| 5055—5056 | 27 Part 252 |
| 5056 | 27 Part 25 |
| 5061—5062 | 27 Parts 19, 24 |
| 5061 | 27 Parts 25—27, 251, 252 |
| 5062 | 27 Part 30 |
| 5066 | 27 Part 19 |
| 5081 | 27 Parts 19, 24, 26 |
| 5091 | 27 Part 25 |
| 5101 | 27 Parts 19, 29 |
| 5102 | 27 Part 29 |
| 5111—5114 | 27 Part 31 |
| 5111—5113 | 27 Parts 19, 24 |
| 5111—5112 | 27 Parts 26—27, 251, 252 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 5111 | 27 Part 25 |
| 5113 | 27 Part 25 |
| 5114 | 27 Parts 26—27, 251, 252 |
| 5116—5117 | 27 Part 31 |
| 5121—5124 | 27 Part 31 |
| 5121—5122 | 27 Parts 24, 26—27, 251 |
| 5121 | 27 Part 22 |
| 5122 | 27 Part 252 |
| 5124 | 27 Parts 26—27, 251, 252 |
| 5131—5134 | 27 Parts 17, 26 |
| 5141 | 27 Part 26 |
| 5142—5143 | 27 Parts 19, 22, 24—25, 31, 44, 270 |
| 5143 | 27 Part 17 |
| 5145—5146 | 27 Part 31 |
| 5146 | 27 Parts 17, 19, 22, 25—26, 44, 70, 270 |
| 5148 | 27 Part 17, 19, 24—27, 31 |
| 5171—5173 | 27 Parts 18, 19 |
| 5171 | 27 Part 71 |
| 5173 | 27 Part 24 |
| 5175—5177 | 27 Part 252 |
| 5175—5176 | 27 Part 19 |
| 5178—5181 | 27 Part 19 |
| 5178—5179 | 27 Part 18 |
| 5179 | 27 Part 29 |
| 5181 | 27 Part 71 |
| 5201—5204 | 27 Part 19 |
| 5201 | 27 Parts 27, 251 |
| 5203 | 27 Parts 18, 70 |
| 5204—5207 | 27 Part 252 |
| 5204 | 27 Part 30 |
| 5205 | 27 Parts 27, 251, 252 |
| 5206—5207 | 27 Parts 19, 31 |
| 5206 | 27 Parts 17, 20, 22, 24 |
| 5207 | 27 Parts 26—27, 70, 251, 252 |
| 5211—5215 | 27 Part 19 |
| 5211 | 27 Part 30 |
| 5214—5215 | 27 Part 24 |
| 5214 | 27 Parts 20, 22 |
| 5221—5223 | 27 Part 19 |
| 5222 | 27 Part 25 |
| 5231—5232 | 27 Part 19 |
| 5232 | 27 Parts 26—27, 251, 252 |
| 5235—5236 | 27 Part 19 |
| 5237 | 27 Part 251 |
| 5241—5243 | 27 Part 19 |
| 5242 | 27 Part 21 |
| 5271—5275 | 27 Parts 20, 22 |
| 5271 | 27 Parts 19, 26, 71 |
| 5273 | 27 Parts 17, 19, 27, 252 |
| 5274 | 27 Part 71 |
| 5275 | 27 Parts 20, 70 |
| 5276 | 27 Parts 22, 26 |
| 5291 | 27 Part 29 |
| 5301 | 27 Parts 5, 13, 19, 26—27, 31, 251, 252 |
| 5311—5313 | 27 Part 19 |
| 5311 | 27 Parts 20, 22 |
| 5313 | 27 Parts 27, 251, 252 |
| 5314 | 27 Part 26 |
| 5351 | 27 Parts 18, 24 |
| 5352 | 27 Part 31 |
| 5353—5354 | 27 Part 24 |
| 5354 | 27 Parts 18, 252 |
| 5356 | 27 Part 18 |
| 5356—5357 | 27 Part 24 |
| 5361—5362 | 27 Part 24 |
| 5362 | 27 Parts 19, 252 |

EXHIBIT 1-2

# CFR Index

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 5364—5373 | 27 Part 24 |
| 5367 | 27 Parts 70, 252 |
| 5370—5371 | 27 Part 252 |
| 5370 | 27 Part 19 |
| 5373 | 27 Part 19 |
| 5381—5388 | 27 Part 24 |
| 5391—5392 | 27 Part 24 |
| 5401—5403 | 27 Part 25 |
| 5401 | 27 Part 252 |
| 5411—5417 | 27 Part 25 |
| 5415 | 27 Parts 70, 252 |
| 5501—5505 | 27 Part 19 |
| 5504 | 27 Part 70 |
| 5511 | 27 Parts 19, 24 |
| 5551—5555 | 27 Part 19 |
| 5551—5552 | 27 Parts 24—25, 252 |
| 5552 | 27 Parts 18, 20, 22 |
| 5555—5556 | 27 Part 25 |
| 5555 | 27 Parts 20, 22, 26—27, 31, 70, 194, 251, 252 |
| 5559 | 27 Part 19 |
| 5561—5562 | 27 Parts 19, 29 |
| 5601 | 27 Part 20 |
| 5607 | 27 Part 19 |
| 5612 | 27 Part 31 |
| 5613 | 27 Part 29 |
| 5615 | 27 Part 24 |
| 5661—5662 | 27 Part 25 |
| 5671 | 27 Part 25 |
| 5673 | 27 Parts 31, 194 |
| 5681 | 27 Part 19 |
| 5682 | 27 Parts 24—25, 70 |
| 5684 | 27 Part 29 |
| 5687 | 19 Part 162 |
| 5688 | 27 Part 31 |
| 5691 | 27 Parts 41, 44, 270 |
| 5701 | 27 Parts 41, 44, 45, 270 |
| 5703—5705 | 27 Part 46 |
| 5704 | 27 Part 270 |
| 5707 | 27 Parts 41, 46, 296 |
| 5708 | 27 Parts 44, 270 |
| 5711—5713 | 27 Parts 41, 71 |
| 5712—5713 | 27 Parts 41, 44, 270 |
| 5721—5723 | 27 Part 45 |
| 5723 | 27 Parts 44, 270 |
| 5731 | 27 Parts 41, 44, 45, 70, 270 |
| 5741 | 27 Parts 44—46, 270, 296 |
| 5751 | 26 Part 127 |
| 5753 | 27 Part 270 |
| 5754 | 27 Parts 41, 44, 46 |
| 5761—5763 | 27 Parts 41, 46, 270, 296 |
| 5761—5762 | 27 Part 270 |
| 5761 | 27 Part 70 |
| 5762—5763 | 27 Part 45 |
| 5801 et seq | 27 Part 179 |
| 5802 | 27 Part 70 |
| 6001 | 26 Parts 1, 31, 55, 156 |
| | 27 Parts 19, 26, 31, 46, 53, 296 |
| 6011 | 26 Parts 31, 40, 55, 156, 301 |
| | 27 Parts 17, 25, 31, 53, 73 |
| 6020 | 27 Parts 53, 70 |
| 6021 | 27 Parts 53, 70 |
| 6031 | 26 Part 1 |
| 6035 | 26 Part 1 |
| 6036 | 26 Part 301 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 6038—6038B | 26 Part 1 |
| 6041 | 26 Part 1 |
| 6043 | 26 Part 1 |
| 6045 | 26 Parts 1, 5f |
| 6046A | 26 Part 1 |
| 6047 | 26 Part 35 |
| 6049 | 26 Part 1 |
| 6050E | 26 Part 1 |
| 6050H—6050I-1 | 26 Part 1 |
| 6050K | 26 Part 1 |
| 6050M | 26 Parts 1, 301 |
| 6050P | 26 Part 1 |
| 6050S | 26 Part 1 |
| 6051 | 26 Part 31 |
| 6056 | 27 Part 22 |
| 6060 | 26 Part 1 |
| 6061 | 26 Parts 1, 156, 301 |
| | 27 Parts 22, 25, 31, 44, 53, 73, 270 |
| 6064 | 27 Part 70 |
| 6065 | 26 Part 1 |
| | 27 Parts 17—20, 22, 24, 25, 31, 44, 252, 270 |
| 6071 | 26 Parts 31, 40, 55, 154, 156 |
| | 27 Parts 31, 53 |
| 6081 | 26 Parts 1, 31, 301 |
| | 27 Part 53 |
| 6090 | 26 Part 43 |
| 6091 | 26 Parts 40, 44, 46, 55, 156 |
| | 27 Parts 17, 24, 25, 31, 53, 194 |
| 6101—6104 | 27 Part 53 |
| 6101 | 26 Part 40 |
| 6102 | 27 Part 70 |
| 6102 | 20 Parts 401, 402 |
| 6103 | 26 Parts 301, 602 |
| | 42 Part 401 |
| 6104 | 26 Part 301 |
| 6109 | 26 Parts 40, 150, 301 |
| | 27 Parts 17, 19, 22, 24, 25, 31, 53, 194, 270 |
| 6111 | 26 Part 301 |
| 6112 | 26 Part 301 |
| 6114 | 26 Part 301 |
| 6151 | 27 Parts 17, 22, 25, 31, 44, 53, 270 |
| 6155 | 27 Parts 53, 70 |
| 6157 | 26 Part 31 |
| 6159 | 27 Part 70 |
| 6161 | 26 Part 156 |
| | 27 Part 53 |
| 6201 | 27 Part 70 |
| 6203—6204 | 26 Part 31 |
| 6205 | 26 Part 31 |
| 6223 | 26 Part 301 |
| 6230 | 26 Parts 1, 301 |
| 6231 | 26 Part 301 |
| 6232 | 26 Parts 41, 150 |
| 6233 | 26 Part 301 |
| 6241 | 26 Part 301 |
| 6245 | 26 Part 301 |
| 6301—6303 | 27 Part 53 |
| 6301—6302 | 27 Parts 24—26, 41, 270 |
| 6301 | 27 Part 70 |
| 6302 | 26 Parts 1, 20, 25, 31, 40 |
| | 27 Parts 19, 27, 251 |
| | 31 Parts 203, 214 |
| 6303 | 27 Part 70 |
| 6311 | 26 Part 301 |

44

EXHIBIT /-3

## Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 27 Parts 19, 24, 25, 31, 53, 70, 270 | |
| 6313—6314 | 27 Part 70 |
| 6313 | 27 Parts 25, 41, 45, 270 |
| 6314 | 27 Part 31 |
| 6321 | 27 Part 70 |
| 6323 | 27 Parts 70, 301 |
| 6325 | 26 Part 401 |
| | 27 Part 70 |
| 6326 | 26 Part 301 |
| | 27 Part 70 |
| 6331—6343 | 27 Part 70 |
| 6343 | 26 Part 301 |
| 6401—6404 | 27 Part 70 |
| 6402 | 10 Part 16 |
| | 12 Part 1730 |
| | 26 Parts 1, 301 |
| | 27 Parts 17, 25, 31, 44, 53, 270 |
| | 31 Part 285 |
| 6404 | 26 Part 301 |
| | 27 Parts 41, 44, 53, 270 |
| 6407 | 27 Part 70 |
| 6411 | 26 Parts 1, 301 |
| 6416 | 27 Parts 53, 70 |
| 6423 | 27 Parts 70, 270 |
| 6426 | 26 Part 154 |
| 6427 | 26 Part 48 |
| 6501—6503 | 27 Part 70 |
| 6511 | 27 Parts 17, 31, 70 |
| 6513—6514 | 27 Part 70 |
| 6532 | 27 Part 70 |
| 6601—6602 | 27 Part 70 |
| 6601 | 27 Parts 31, 46, 296 |
| 6611 | 27 Part 70 |
| 6621—6622 | 27 Parts 46, 70, 296 |
| 6621 | 27 Part 31 |
| 6651 | 27 Parts 24, 25, 31, 70 |
| 6653 | 27 Part 70 |
| 6656—6658 | 27 Part 25 |
| 6656 | 27 Part 31 |
| 6657 | 26 Part 1 |
| 6662 | 27 Part 70 |
| 6665 | 27 Parts 19, 24, 25, 270 |
| 6671—6672 | 27 Part 70 |
| 6676 | 27 Parts 19, 24, 25, 270 |
| 6689 | 26 Part 301 |
| 6695 | 26 Part 1 |
| 6701 | 27 Part 70 |
| 6723 | 27 Part 70 |
| 6801 | 27 Part 70 |
| 6804 | 27 Parts 26, 250 |
| 6806 | 27 Parts 19, 22, 25, 44, 270 |
| 6851 | 26 Part 1 |
| 6862—6863 | 27 Part 70 |
| 6901 | 27 Part 70 |
| 7011 | 27 Parts 17, 19, 22, 24, 25, 31, 44, 70, 270 |
| 7025 | 27 Part 197 |
| 7101—7102 | 27 Part 26 |
| 7101 | 27 Parts 41, 70, 72 |
| 7102 | 27 Part 70 |
| 7121—7122 | 27 Part 70 |
| 7207 | 27 Part 70 |
| 7209 | 27 Part 70 |
| 7212 | 27 Parts 41, 44—46, 270, 296 |
| 7213 | 27 Part 17 |
| 7214 | 5 Part 3101 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| | 15 Part 0 |
| | 27 Part 70 |
| 7216 | 26 Part 301 |
| 7302 | 27 Parts 24, 252 |
| 7304 | 27 Part 70 |
| 7322—7326 | 27 Part 72 |
| 7325 | 27 Part 270 |
| 7326 | 27 Part 72 |
| 7327 | 27 Part 72 |
| 7342 | 27 Parts 24, 25, 41, 44—46, 270, 296 |
| 7401 | 27 Part 70 |
| 7403 | 27 Part 70 |
| 7406 | 27 Part 70 |
| 7423—7426 | 27 Part 70 |
| 7429—7430 | 27 Part 70 |
| 7432 | 27 Part 70 |
| 7502—7503 | 27 Parts 24, 70, 270 |
| 7502 | 27 Part 70 |
| | 27 Parts 53, 73 |
| 7505—7506 | 27 Part 70 |
| 7508 | 26 Part 301 |
| 7508A | 26 Part 301 |
| 7510 | 27 Part 19 |
| 7513 | 27 Part 70 |
| 7520 | 26 Parts 1, 20, 25, 301 |
| 7601—7606 | 27 Part 70 |
| 7602 | 27 Parts 29, 46, 296 |
| 7606 | 27 Parts 24, 25, 41, 44—46, 270, 275, 296 |
| 7608 | 27 Parts 70, 296 |
| 7609 | 27 Part 70 |
| 7610 | 27 Part 70 |
| 7622—7623 | 27 Part 70 |
| 7624 | 26 Part 301 |
| 7651 et seq | 40 Part 76 |
| 7651 | 27 Parts 26, 41 |
| 7652 | 27 Parts 17, 275 |
| 7653 | 27 Part 70 |
| 7654 | 26 Parts 1, 301, 602 |
| 7701 | 26 Parts 1, 31, 301 |
| 7804 | 26 Parts 301, 602 |
| 7804 note | 26 Part 801 |
| 7805 | 19 Parts 1, 301, 602 |
| | 20 Part 615 |
| | 26 Parts 1, 2—5, 5c, 5e, 6a, 7, 8, 9, 11—13, 14a, 15, 15a, 16, 16a, 17—20, 22, 25, 26, 27, 31, 32, 35, 35a, 36, 41, 43—47, 48, 49, 52—55, 141, 143, 145, 148, 156, 157, 301—303, 305, 400, 401, 403, 404, 420, 502, 503, 509, 514, 516, 517, 601, 602, 701, 702 |
| | 27 Parts 3, 5, 13, 17—22, 24—27, 29, 30, 31, 41, 44—46, 70—72, 170, 179, 250—252, 270, 296 |
| 7851 | 27 Part 24 |
| 9002 | 11 Part 9002 |
| 9003 | 11 Parts 9003, 9033 |
| 9004 | 11 Part 9004 |
| 9005 | 11 Part 9005 |
| 9006 | 11 Part 9005 |
| 9007 | 11 Parts 201, 9007 |
| 9008 | 11 Parts 201, 9008 |
| 9009 | 11 Parts 201, 9001—9008 |
| 9012 | 11 Part 9012 |
| 9031 | 11 Part 9031 |
| 9032 | 11 Part 9032 |
| 9033 | 11 Part 9033 |


EXHIBIT 1-4