IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | No. 1:07-cv-589 (ESH) |

REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service ("Service").

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On June 25, 2007, the United States filed a fully supported motion to dismiss Plaintiff's complaint.  Plaintiff has opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in Plaintiff's opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of its motion to dismiss.

2.  <u>Plaintiff's opposition.</u>  In his response, Plaintiff alleges that notices of federal tax liens are not collection tools, that the United States is attempting to treat 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431, and that Plaintiff was not required to plead exhaustion of his administrative remedies.  Plaintiff also states that neither section 7431

1

nor section 7433 address the legitimacy or validity of the underlying collection activity. Finally, Plaintiff requests that the Court consolidate this case with the case filed by Plaintiff under 26 U.S.C. § 7433.

ARGUMENT

**I. The Filing of Notices of Federal Tax Liens Is a Collection Activity**

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens filed by the Service. Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6323 contained therein provides for the filing of notices of federal tax liens. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities.

Therefore, despite Plaintiff's attempt to characterize it as a "notice tool," the filing of notices of federal tax liens is a collection activity. See Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("The filing of a notice of lien is patently a tax collection activity."); Evans v. United States, No. 06-1713, 2007 WL 869039, at *4 (D.D.C. Mar. 21, 2007) ("This argument [that notices of federal tax lien do not involve the collection of federal tax] defies common sense and the legal precedent recognizing IRS notices of tax liens as a tax collection activity); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of tax lien is a collection activity).

Federal tax liens arise by operation of law, after assessment of a tax, the failure to pay the same by a taxpayer, and notice and demand for payment by the Service. As the

federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have.  United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985).  Furthermore, the statute's broad application is intended to "assure the collection of [federal] taxes."  Glass City Bank v. United States, 326 U.S. 265, 267 (1945) (emphasis added).  But a federal tax lien is not valid against certain types of competing creditors until notice of the lien is filed in conformance with 26 U.S.C. § 6323.  United States v. Estate of Romani, 523 U.S. 517, 517-18 (1998).  Thus, in order to preserve its position for a tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Service must file a notice of federal tax lien.  Therefore, it cannot be denied that filing a notice of lien is a collection action.

### II. Although Section 7433 and Section 7431 Coexist, Plaintiff's Only Possible Avenue of Recourse Is Section 7433

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy.  In Shwarz v. United

States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Glass v. United States, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); Powell v. United States, 478 F. Supp. 2d 66, 67 (D.D.C. 2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was encated) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the court of collection activity."); Evans v. United States, 478 F. Supp. 2d 68, 72  (D.D.C. 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); Koerner, et al. v. United States, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431, nor is it arguing that the two sections do not coexist.  Rather,

it is the position of the United States that Plaintiff's remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433. That position gives effect to both statutes, and, accordingly, the Court lacks jurisdiction to hear Plaintiff's claim.

### III. Plaintiff Was Under an Obligation to Plead Exhaustion of Remedies

Plaintiff's argument that he was under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is incorrect. Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded…<u>unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff</u> within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (emphasis added). Plaintiff failed to comply with Fed. R. Civ. P. 8 because he failed to set forth a short and plain statement indicating that he exhausted his administrative remedies by filing a proper administrative claim for damages.

Plaintiff's argument that failure to state a claim is an affirmative defense and must be placed before the jury is also incorrect. <u>See</u> Fed. R. Civ. P. 8(c).

### IV. Neither Section 7433 or Section 7431 Address the Underlying Assessments and the Validity of the Lien

The United States agrees with Plaintiff that neither section 7431 nor section 7433 address the legitimacy of the collection process, and "whether a disclosure is authorized

5

under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). It is unclear why Plaintiff made this argument in his response, as it is the same argument made by the United States in its motion to dismiss, therefore, the United States agrees that the propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103.

### V. Plaintiff's Cases Should Not Be Consolidated

Plaintiff states that the Court should consolidate this case with the case filed by Plaintiff under 26 U.S.C. § 7433. However, the proper method for requesting consolidation of cases is to file a motion pursuant to Fed. R. Civ. P. 42. At any rate, the two cases should not be consolidated now as there are motions to dismiss pending in both.

### CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiffs' complaint should be granted.

DATE: August 8, 2007

Respectfully submitted,

/s/ Anne E. Blaess
ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
OF COUNSEL:                          Telephone: (202) 616-9806
                                     Facsimile: (202) 514-6966
JEFFREY A. TAYLOR                    Email: Anne.E.Blaess@usdoj.gov
United States Attorney

6

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiffs *pro se* on the 8th day of August, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

> HERMAN ALPHONSE WESSELMAN
> Plaintiff *pro se*
> c/o General Delivery
> 210 North 3rd Street
> Effingham, IL 62401

/s/ Anne E. Blaess
ANNE E. BLAESS