UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HERMAN ALPHONSE WESSELMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00589 (ESH) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Herman Alphonse Wesselman filed a *pro se* complaint on March 26, 2007, seeking damages under 26 U.S.C. § 7431 based on "intentional, negligent, and/or grossly negligent disclosures of '[tax] return information'" by agents of the Internal Revenue Service ("IRS"). (Compl. ¶ 18.) The government has filed a motion to dismiss. For the reasons set forth herein, the motion will be granted.

### BACKGROUND

Plaintiff's complaint closely resembles many of the other *pro se* tax complaints that have been filed in this Court. *See, e.g.*, *Glass v. United States*, 480 F. Supp. 2d 162, 164 (D.D.C. 2007) (summarizing a similar complaint); *Evans v. United States*, 478 F. Supp. 2d 68, 69 (D.D.C. 2007) (same); *Koerner v. United States*, 471 F. Supp. 2d 125, 126 (D.D.C. 2007) (same). He alleges that, by filing notices of tax liens with the county clerk in Effingham County, Illinois, IRS agents wrongfully disclosed tax return information "in the absence of record evidence of existing assessments." (Compl. ¶ 4.) Arguing that the agents violated 26 U.S.C. § 6103, plaintiff seeks

damages under 26 U.S.C. § 7431. (*Id.* ¶ 18.)

## ANALYSIS

**I.    Standard of Review**

"The Court will treat the government's motion to dismiss as one for failure to state a claim upon which relief can be granted."  *Glass*, 480 F. Supp. 2d at 164; *see Evans*, 478 F. Supp. 2d at 70 (adopting this approach in a similar case, reasoning that "the deficiency alleged pertain[ed] to the boundaries of the right of action under 26 U.S.C. § 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts"). Accordingly, dismissal is warranted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

**II.    26 U.S.C. § 7433 Forecloses Plaintiff's Attempt to State a Claim under § 7431**

Section 7431 provides a private right of action against the United States if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information . . . in violation of any provision of section 6103."  26 U.S.C. § 7431(a)(1) (2006); *see id.* § 7431(c).  Section 6103 provides that, subject to specific exceptions, tax returns and return information must be kept confidential.  *See id.* § 6103.

Under 26 U.S.C. § 7433, there is a separate private right of action against the United States if "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title."  *Id.* § 7433(a). Congress has determined that, "[e]xcept as provided by section 7432 [dealing with damages for failure to release a lien], [a] civil action [under § 7433] shall be the exclusive remedy for

recovering damages from such [tax collection activity]." *Id.*

Considering §§ 7431 and 7433 together, at least four judges of this Court have determined that the exclusivity provision of § 7433 bars claims for damages under § 7431 based on the disclosure of tax return information in notices of tax liens. *See Miller v. United States*, --- F. Supp. 2d ---, ---, 2007 WL 2172799, at *2 (D.D.C. 2007) (Urbina, J.); *Glass*, 480 F. Supp. 2d at 164–65 (Huvelle, J.); *Powell v. United States*, 478 F. Supp. 2d 66, 67–68 (D.D.C. 2007) (Leon, J.); *Evans*, 478 F. Supp. 2d at 71–72 (Bates, J.); *see also Shwarz v. United States*, 234 F.3d 428, 432–33 (9th Cir. 2000) (reaching the same conclusion with respect to seizure notices and allegedly "perjured" declarations by an IRS employee). Under the reasoning of the above-cited cases (which the Court adopts herein), it is clear that, even accepting all of plaintiff's allegations as true, he has no right of action under § 7431.[1]

### III.    Plaintiff Has Also Failed to State a Claim under § 7433

The government has argued that, even if plaintiff's *pro se* complaint is liberally construed to raise a claim under § 7433, dismissal is warranted because plaintiff has failed to allege exhaustion of his administrative remedies as required under § 7433(d)(1). (*See* Mem. in Supp. at 10–12.) In plaintiff's response to the government's motion, he does not contest the government's assertion that he has failed to exhaust his administrative remedies. Instead, plaintiff relies upon the argument - - familiar from other *pro se* tax cases - - that, under Federal Rule of Civil Procedure 8(a) and *Conley v. Gibson*, 355 U.S. 41 (1957), a plaintiff who seeks damages under

---

[1] In the alternative, the Court concludes that plaintiff has failed to state a claim under § 7431 because the disclosure of tax return information in valid notices of liens does not violate § 6103. *See, e.g.*, *Glass*, 480 F. Supp. 2d at 165–66 (explaining that such disclosures are lawful under § 6103(k)(6)).

§ 7433 need not allege exhaustion. (*See* Opp. at 3.) Contrary to plaintiff's arguments, it is now clear that, although exhaustion is not a *jurisdictional* requirement, failure to exhaust is nevertheless fatal under Federal Rule of Civil Procedure 12(b)(6). *See Ross v. United States*, 460 F. Supp. 2d 139, 145–47 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37, 61 (D.D.C. 2006). Thus, even construing plaintiff's complaint as seeking damages under both §§ 7431 and 7433, he has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [Dkt. 3] is **GRANTED**, and it is hereby **ORDERED** that this case be dismissed.[2] The dismissal of plaintiff's § 7431 claim is with prejudice, and the dismissal of his § 7433 claim is without prejudice.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   August 9, 2007

---

[2]Because it is clear that this case must be dismissed, the Court denies plaintiff's request for consolidation with *Wesselman v. United States*, No. 07-00906. (*See* Opp. at 13.) Moreover, according to the "Notice of Related Case" filed in that case, the two cases do not relate to common property, involve common issues of fact, or grow out of the same event or transaction. The sole basis for designating the cases as "related" was that they were filed by the same *pro se* litigant.